**FILED**
July 30, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOT A REAL HOLDING COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-653-RP |
| | § | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiff Not a Real Holding Company, Inc.'s ("Plaintiff") Motion for Default Judgment, (Dkt. 45). (R. & R., Dkt. 46). Plaintiff timely filed objections to the report and recommendation. (Objs., Dkts. 47).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation as its own order.

The Court further specifically addresses the following objections raised by Plaintiff. First, Judge Hightower noted that "Section 1125 is limited to unregistered marks," and that Plaintiff, having not alleged that the relevant Defendant infringed any unregistered marks, had therefore failed to state a claim under § 1125. (*See* R & R., Dkt. 46, at 9, citing *Amazing Spaces, Inc. v. Metro Mini*

*Storage*, 608 F.3d 225, 236 n.8 (5th Cir. 2010)). Plaintiff objects that 15 U.S.C. § 1125(a) is properly read as applying to both registered and unregistered marks. (Objs., Dkt. 47, at 2–3). However, Plaintiff's own citations in support of that proposition treat § 1125 as distinctly applying to unregistered marks. *See Molzan v. Bellagreen Holdings, L.L.C.*, 112 F.4th 323, 332 n.11 (5th Cir. 2024) ("The Lanham Act creates a cause of action for infringement of registered marks (15 U.S.C. § 1114(1)) and for infringement of unregistered marks (15 U.S.C. § 1125(a)), and the same elements apply to both causes of action."). Moreover, the Court notes that, despite Plaintiff's representation that in *Trojan Battery Co., L.L.C. v. Golf Carts of Cypress, L.L.C*, No. 25-20243, 2026 WL 1261993 (5th Cir. May 8, 2026), the Fifth Circuit "affirmed Section 43 claims in a case only involving registered marks," (Objs., Dkt. 47, at 3), *Trojan* involved both registered and unregistered trademarks, and the district court in that case explicitly distinguished § 1125(a) as applying to unregistered marks. *See Trojan Battery Co., LLC v. Trojan EV, LLC,* No. 4:21-CV-3075, 2024 WL 1331783, at *12 (S.D. Tex. Mar. 28, 2024), *aff'd in part, vacated in part on other grounds, remanded sub nom. Trojan Battery Co., L.L.C. v. Golf Carts of Cypress, L.L.C*, 175 F.4th 582 (5th Cir. 2026) ("In contrast, among the claims encompassed by 15 U.S.C. § 1125(a)(1)(A), also called Section 43(a) of the Lanham Act, are actions for infringement of *unregistered* trademarks, also called common law trademarks.") (emphasis in original).

Second, the Court notes that much of Plaintiff's arguments in support of joinder rest on the contention that "[b]y defaulting, a defendant is deemed to admit 'the plaintiff's well-pleading allegations of fact,'" and that there are therefore "admitted" allegations about Defendants' activities here. (Objs., Dkt. 47, at 5–6 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))). However, Fifth Circuit precedent, including *Nishimatsu* itself, "supports that it is a default judgment—not mere entry of default—that establishes a defendant's liability on the merits." *See ConcernedApe LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:25-CV-1537-RP,

2026 WL 1993162, at *2 (W.D. Tex. July 9, 2026); *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citation omitted) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. *After a default judgment*, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."); *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts *by the judgment*, and is barred from contesting on appeal the facts thus established. A *default judgment* is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.") (emphasis added); *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019), as revised (June 6, 2019) ("A *default judgment* establishes the defendant's liability but not the quantity of damages.") (emphasis added).

This distinction also differentiates this case from *Viahart, LLC*, which Plaintiff cites as an indication that "[t]he Magistrate Judge's decision is erroneous and contrary to law." (Objs., Dkt. 47, at 8 (citing *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022)). In that unpublished, non-precedential decision, the Fifth Circuit determined that a district court had not abused its discretion by allowing joinder—reviewing the case after default judgments had been entered, and therefore after factual allegations had been deemed admitted. *See Viahart*, 2022 WL 445161, at *2. Moreover, the Fifth Circuit has been clear that even where Rule 20's test for permissive joinder might be satisfied, district courts do not abuse their discretion when denying joinder due to differences between the parties or for judicial economy. *See Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 522 (5th Cir. 2010).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 46), is **ADOPTED**.

**IT IS FURTHER ORDERED** that:

1. All Defendants identified on Schedule A except the CURTAIN Store are **SEVERED** from this action.
2. Plaintiff's Motion for Default Judgment, (Dkt. 45), is **GRANTED** as to the CURTAIN Store and **DISMISSED as MOOT** as to all other Defendants.
3. Plaintiff is **GRANTED** statutory damages in the amount of $40,000.00 and a permanent injunction against the CURTAIN Store as set out in the Court's order entering the temporary restraining order, (Dkt. 9).

**SIGNED** on July 30, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE